14,622-18

## AFFIDAVIT IN FORMA PAUPERIS

I, James Logan Diez, do hereby swear under penalty of perjury pursuant to the Statutory Law on the unsworn declarations by prisoners that:

- I am presently confined by GPS/SISP and *House Arrest* by the TDCJ Parole Division at the Avalon Correctional Services, Inc.'s El Paso Correctional Services;
- That I have no income and have not worked in a wage-earning job since my release from the TDCJ-CID prison system;
- That I have no assets such as lands, bank accounts and/or other tangible property which could be converted to cash;
- That I am seeking a Writ of Mandamus which I believe I am legally entitled to because State Officials have refused to conform with Texas Court of Criminal Appeals findings/rulings in Case No. **WR-14,622-18** and that I am asking the Court to ORDER said Officials to conform with said findings/rulings; and
- That I do not seek such relief maliciously, but because I believe I am entitled to redress for my grievance.

So I do swear under penalty of perjury this the 22nd day of September 2015.

X _____
J. Logan Diez #342162
(Pro Se

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 29 2015
Abel Acosta, Clerk

# IN THE TEXAS COURT OF CRIMINAL APPEALS
## In Re: State of Texas vs. James Logan Diez
### Cause No. 12,797-B / **Ct.Crim.App. No. 14,622-18**

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 29 2015
Abel Acosta, Clerk

## PETITION FOR WRIT OF MANDAMUS

To the Honorable Justices of the Texas Court of Criminal Appeals:

Comes Now JAMES LOGAN DIEZ (Petitioner) and petitions the Court to issue a Writ of Mandamus ORDERING the Director of the Texas Department of Criminal Justice (TDCJ) and/or the Chairman of the Board of Pardons and Paroles (Board) to *immediately* issue DISCHARGE CERTIFICATE on Sentence No. 12,797-B and release Petitioner from Custody; or, in the alternative, demonstrate by Certified documentation why Petitioner should not be Discharged as would be consistent with this Petition's presented Facts. In support of this Petition for Writ of Mandamus, Petitioner would show the following **FACTS.**

### I

On **November 27, 2013** TDCJ issued to Petitioner a *Certificate of Mandatory Supervision* (which Petitioner refused to sign) purportedly pursuant to the 65th Leg. Mandated "release from confinement" date. However, rather than release Petitioner from confinement per applicable Law, Petitioner was **transferred** from the TDCJ-CID's prison facilities to GPS/SISP CONFINEMENT and/or "House Arrest" at a TDCJ-PD (Parole Division) contracted Multi-Use Facility (MUF) in El Paso operated by Avalon Correctional Services, Inc. [the El Paso Transitional Center or EPTC], which is basically a privately operated *minimum security work release prison.*[1] Petitioner has basically REMAINED under such confinement **from 11/27/2013 through Present date.** The *Certificate of Mandatory Supervision* issued to Petitioner on November 27, 2013, stated a *Sentence Expiration Date 12/05/2015.*

### II

---

[1] Petitioner is a 65th Legislative offender whose offense occurred May 6, 1982, and his parole/mandatory supervision is, therefore, controlled by the law in effect on 5/6/1982. Said law MANDATES that he be RELEASED FROM CONFINEMENT when his Flat Calendar Time served plus any Good Conduct Time equals the length of his sentence. However, TDCJ/Board Officials have seen fit to ignore this and continue Petitioner in ACTUAL Confinement dispite the mandated "release from confinement" under 65th Leg. Statute.

# IN THE TEXAS COURT OF CRIMINAL APPEALS
## In Re: State of Texas vs. James Logan Diez
### Cause No. 12,797-B / Ct.Crim.App. No. 14,622-18

On **June 25, 2014**, by unpublished opinion, this Court dismissed Petitioner's state Habeas Corpus Application on finding the Petitioner's Sentence of 30 years in Cause No. 12,797-B **had been DISCHARGED.** However, the TDCJ/Board did **NOT** conform with this Court's finding that the Sentence had Discharged, but has ignored said finding and continued Petitioner under conditions of ACTUAL confinement and conditional release. [Exhibit A]

## III

On **August 22, 2014**, TDCJ Director William Stephens provided Petitioner a print-out showing Petitioner's *Maximum Expiration of Sentence Date* to be 12/05/2015. [Exhibit B] However ...

## IV

On **December 10, 2014**, TDCJ Program Specialist Charley Valdez (TDCJ Classification and Records) provided an Affidavit which set Petitioner's *Maximum Expiration of Sentence Date* at May 7, 2016. [Exhibit C]     ***** *It should be noted that the Valdez Affidavit is saturated with incorrect dates/periods of confinement/release.* *****

## V

On **December 10, 2014**, TDCJ Parole Division (based on the Valdez Affidavit) provided Petitioner a print-out, also, showing Petitioner's *Maximum Expiration of Sentence Date* as being 5/07/2016; and, containing **incorrect** information [i.e. that the Sentence is to be served "Flat only" (without the benefit of Good Time); and, that "Restitution" is applicable, when in fact NO restitution was imposed by the convicting Trial Court]. [Exhibit C]

## VI

Hence, the State of Texas, through this Court and THREE State Officials/Agencies has asserted Petitioner's Sentence of Record EXPIRES on:

2

a) June 25, 2014;

b) December 5, 2015;

c) May 7, 2016; and, when the Petitioner calculated his time,

d) February 12, 2015.

## VII

The Texas Court of Criminal Appeals is this State's **highest Authority** on criminal matters. It MUST be presumed when the Ct.Crim.App. rules upon a matter, the Court has correctly and accurately applied BOTH the Facts AND the Law controlling the Case.

As demonstrated through Exhibit A, this Court found Petitioner's Sentence had been **DISCHARGED** as of **June 25, 2014.** Ergo, Petitioner **should have been** issued a DISCHARGE Certificate and immediately released from all custodial restraints **in JUNE 2014 --- yet, he was not.** The TDCJ/Board Officials *ignored* this Court's finding and continued the Petitioner in ACTUAL confinement.

NOR did said Officials notify this Court that it had erred in its finding in order for the Court to make a timely review of Petitioner's time credits and/or, if appropriate, to re-open the state Habeas Corpus proceedings.

## VIII

**TWO** things **MUST** be recognized by all interested Parties:

1) The Opinions/Findings of the Texas Court of Criminal Appeals **MUST** be respected and adhered to by State Officials as well as the Citizenry; and, where said Officials take exception/object to the Court's Opinions or Findings, those Officials CANNOT simply ignore the Court, but MUST follow the legal Due Process procedure by which the disagreement with the Court can be properly considered by the Justices thereof; and,

2) A Citizen serving a Sentence imposed by a District Court has a statutory and constitutional RIGHT to have an accurate calculation of his Time Served and a fixed

3

Discharge of Sentence date, and to know specifically WHEN that Discharge is. Officials CANNOT establish 2 or 3 different dates of Discharge and apply whichever they arbitrarily choose to his release.

## IX

WHEREFORE, PREMISES CONSIDERED, Petitioner prays the Court will issue **Writ of Mandamus** ORDERING the TDCJ/Board to conform with the Court's finding that Petitioner's 30 year Sentence in Cause No. 12,797-B is and has been Discharged as of (at least) **June 25, 2014,** as was determined and stated by this Court in Habeas Review **No. WR-14,622-18.**

Should the TDCJ/Board take exception/object to or otherwise dispute this Court's finding that the Petitioner's Sentence had DISCHARGED; Petitioner respectfully Prays that the Court:

I. Rule that the time for the Officials to file such challenge/appeal has long since expired and cannot now be raised; or,

II. Re-open Habeas Corpus No. WR-14,622-18 and issue written (published?) Opinion on the Grounds/Issues presented therein; or,

III. ORDER State Officials to present to the Court, with copy to Petitioner, CERTIFIED Documents demonstrating the TIME SERVED by Petitioner in ACTUAL Confinement behind bars and/or while on parole/mandatory supervision, including but not limited to:

i. ALL TDCJ-CID housing and tracking records maintained on JAMES LOGAN DIEZ #342162 during his periods of ACTUAL confinement in TDCJ-CID prison units and facilities;

ii. ALL TDCJ Parole Division/Board of Pardons and Paroles records maintained which show periods JAMES LOGAN DIEZ # 342162 was confined in ANY detention facility under a parole Pre-Revocation Hearing Warrant (Blue Warrant);

iii. ALL TDCJ Parole Division/Board of Pardons and Paroles records maintained which show periods JAMES LOGAN DIEZ #342162 has been held on ACTUAL Confinement under GPS and/or SISP (Super Intensive Supervision Program) *House Arrest* and/or confined so at the El Paso Transitional Center; and/or,

iv. ALL other documents/records which show any/all periods of Time on parole/mandatory supervision JAMES LOGAN DIEZ #342162 is legally entitled to credit for against his Sentence of Record in Cause No. 12, 797-B.

**ATTENTION;** Petitioner vigerously asks the Court **NOT** accept any TDCJ Computer print-out, **NOR** and "Summary" of Petitioner's Time Credits from Charley Valdez or other TDCJ/Board Employee/Member, as it is obvious that SOMEONE has entered INCORRECT dates into the Computer at SOME point in Time, hence, ALL calculations/summaries by/from said computer have been rendered UNRELIABLE.

ONLY by complete review of the ORIGINAL documents will it be possible to get Petitioner's *TIME SERVED CREDITS* and Sentence Discharge Date cleared up.

Petitioner asserts that the **extraordinary** conflict between the **THREE** diverse Discharge Dates for his Sentence; the fact State Officials **ignored** the Court's June 25, 2014, finding that Petitioner's Sentence was Discharged; the fact State Officials have **NOT**followed the proper legal procedure to appeal or dispute said finding by the Court; and, the fact Petitioner has well documented the controversy, is more than adequate to justify extraordinary measures by the Court and the issuance of a Writ of Mandamus as requested by Petitioner.

THEREFORE, in conclusion, Petitioner Prays the Writ of Mandamus issue and he be ORDERED Discharged and Released from Sentence No. 12,797-B of 30 years.[2]

So Petitioned and Prayed for this the 22nd day of September 2015.

---

[2] This Court, also, ruled long ago that **parole fees** constitute a **Cost incident to the Sentence imposed by the Trial Court,** since parole and all conditions thereof are part of the imposed Sentence. Therefore, this Court held, the imposition of parole fees can NOT be applied to offenses which occurred BEFORE the statutory parole fee was enacted and took effect, for such would violate Ex Post Facto.

   Nonetheless, TDCJ Parole Division has EXTORTED parole fees from Petitioner despite the fact his offense *and trial* occurred BEFORE the parole fee statute took effect.

   Petitioner, therefore, would respectfully ask the Court to, also, ORDER the TDCJ Parole Division to cease and desist in its efforts to extort parole fees from JAMES LOGAN DIEZ #342162; and, **TO REIMBURSE ALL PAROLE FEES PREVIOUSLY OBTAINED FROM DIEZ ON CAUSE NO. 12,797-B.**

X

J. Logan Diez
pro se

## CERTIFICATE OF SERVICE

I, James Logan Diez, do hereby Certify under penalty of perjury that a true and correct copy of the above and foregoing Petition for Writ of Mandamus, along with Exhibits A-C, has been served by U.S. First Class Mail to the following on 28nd September 2015:

- Texas Attorney General
- TDCJ Director William Stephens
- TDCJ Parole Division Director Stewart Jenkins
- File

X

J. Logan Diez

# EXHIBIT A

EXHIBIT A

APPLICANT        JAMES LOGAN DIEZ        APPLICATION NO. WR-14,622-18

## APPLICATION FOR 11.07 WRIT OF HABEAS CORPUS

ACTION TAKEN

DISMISSED. SENTENCE DISCHARGED.

_____  6/25/14
JUDGE                                                  DATE

# EXHIBIT B

```
CSIMF800/INI801            COMMITMENT INQUIRY              08/22/14 13:53:2
INMTCICS/LHA9541 /605   TDCJ-ID NO: 00342162 SIDNO: 01968225
 NAME: DIEZ,JAMES LOGAN            APPL:      STATUS: P D8    L1    #OFF: 02
 OLD TDC#: 00000000 CNTY CONV: 226                              65TH
 OFF-REC:    2209 (PRJ RL: 11-27-2013)REC:  09-09-1982 MAX-TERM:  30Y  0M  0D
 PEN-REC: 030.020 MAX-EX: 12-05-2015 BEGIN: 05-13-1982 PAR-ELIG: 11-16-2001
 ISF OFF CAT   ISF          INMATE TYPE: IS   HB1433: N  HB1433 VOTE:
 DYNAMIC RISK ASSESSMENT         TYC:       HB1433 MIN EXP
    OFFCD: 22090000 BURG HABIT
    1DEG                                                        65TH
    PENAL:030.020  MS:Y PLEA:G CAUSE:12,797-B        CNT:00    OFF:05-06-1982
    CC  CNTY OFF:226  CNTY/CRT:226 119 MAX TERM:  30Y  0M  0D  BEG:05-13-1982
    MIN EXP:11-27-2013 MAX:12-05-2015 PAR ELIG:01-01-0001 SENTENCED:07-21-1982
    HB1433:N  HB1433 VOTE:     HB1433 MIN EXP:                     REST: N
    OFF TDCNO: 00342162                          CTO DATE 01-01-0001
    OFFCD: 20110000 ARSON
    2DEG                                                        70TH
    PENAL:028.200  MS:Y PLEA:G CAUSE:CR89-0681-A      CNT:       OFF:10-21-1989
    CC  CNTY OFF:226  CNTY/CRT:226 051 MAX TERM:   5Y  0M  0D  BEG:10-21-1989
    MIN EXP:10-31-1996 MAX:10-31-1996 PAR ELIG:01-01-0001 SENTENCED:02-07-1990
    HB1433:N  HB1433 VOTE:     HB1433 MIN EXP:                     REST: N
    OFF TDCNO: 00342162                          CTO DATE 01-01-0001
PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____ OR SID _____
END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

# EXHIBIT C

<u>AFFIDAVIT OF CHARLEY VALDEZ</u>

STATE OF TEXAS

COUNTY OF WALKER

BEFORE ME, the undersigned, a Notary Public in and for the State of Texas, on this day personally appeared Charley Valdez, who, after being duly sworn, deposes as follows:

"My name is Charley Valdez. I am over twenty-one years of age, of sound mind; capable of making this affidavit; and personally acquainted with the facts herein stated.

I am employed as Program Supervisor III for the Classification and Records Department ("CRD") of the Texas Department of Criminal Justice-Correctional Institutions Division, and my office is located in Huntsville, Texas. I have reviewed time records kept by the CRD regarding Offender James Logan Diez, TDCJ # 342162. CRD maintains these records in the regular course of business of every offender confined; and it was the regular course of business for an employee or representative to TDCJ-CID with knowledge of the act, event, condition, opinion or diagnoses, recorded to make the record or to transmit information thereof to be reasonably soon thereafter. Based on my review of these records, the following table contains the current sentence information for Diez.

**Diez, James Logan TDCJ# 342162**
**Page 2**

| Offense | County | Cause Number | Sentence | Offense Date | Sentence Date | Sentence Begin Date | Maximum Discharge Date |
|---|---|---|---|---|---|---|---|
| Burglary Habitation | Tom Green | 12,797-B | 30-years | 5-6-1982 | 7-21-1982 | 5-13-1982 | 5-7-2016 |
| Arson | Tom Green | CR89-0681-A | 5-years | 10-21-1989 | 2-7-1990 | 10-21-1989 | Discharged 10-31-1996 |

*dates in Tom green Co* *WRONG DATES*

| Released To Supervision | Pre-Revocation Warrant Issued | Warrant Executed | Warrant Withdrawn | Supervision Revoked | Jail Credit | Time Forfeited |
|---|---|---|---|---|---|---|
| 7-27-1988 | 2-10-1989 | 2-10-1989 | 5-2-1989 | | 2-10-1989 to 5-2-1989 | |
| | 11-13-1989 | 11-20-1989 | 1-5-1990 | | 11-20-1989 to 1-5-1990 | |
| WARRANT WAS ISSUED | No Pre-Revocation, New Conviction | *Totally* | *Incorrect* | 2-28-1990 | 2-28-1990 | 1-yr. 2-mos. 24-days |
| 11-2-1990 | 9-29-1992 | 11-13-1992 | *dates on this one* | 1-12-1993 | 11-13-1992 to 1-12-1993 | 3-yrs. 11-days |
| 9-13-2001 | 9-15-2001 | 11-16-2001 (13) | | 3-20-2002 | 11-16-2001 to 3-20-2002 | 2-mos. 3-days |
| 10-1-2008 | 11-6-2008 | 4-22-2009 | | 2-9-2010 | 4-22-2009 to 2-9-2010 | 6-mos. 21-days |
| 11-27-2013 | 1-20-2014 | 1-20-2014 | 5-28-2014 | | 1-20-2014 to 5-28-2014 | Not Revoked |
| | 6-16-2014 | 6-16-2014 | 7-3-2014 | | 6-16-2014 to 7-3-2014 | Not Revoked |

Offender Diez was received into TDCJ custody on 9-9-1982 from Tom Green County on a 30-year sentence. Offender Diez was convicted by the 119th District Court for the following:

➤ Burglary Habitation, under cause number 12,797-B. Offender Diez was convicted for an offense occurring on 5-6-1982, with sentencing on 7-21-1982 and sentence to begin on 5-13-1982.

*1987*

Offender Diez was released from TDCJ custody on 7-27-1988 to parole. *→ 10/2/1987*

*10/2/87* *10/3/87*

A pre-revocation warrant of arrest was issued on 2-10-1989 by the Parole Division, and executed on 2-10-1989 in Tom Green County, and warrant withdrawn on 5-2-1989. Offender Diez received jail credit from 2-10-1989 to 5-2-1989. *revoked. Then confined until 11/02/1989*

A pre-revocation warrant of arrest was issued on 11-13-1989 by the Parole Division, and executed on 11-20-1989 in Tom Green County, and warrant withdrawn on 1-5-1990. Offender Diez received jail credit from 11-20-1989 to 1-5-1990.

Offender Diez was returned to TDCJ custody on 2-15-1990 from Tom Green County on a 5-year sentence. Offender Diez was convicted by the 51st District Court of Tom Green County for the following:

➤ Arson, under cause number CR89-0681-A. Offender Diez was convicted for an offense occurring on 10-21-1989, with sentencing on 2-7-1990 and sentence to begin on 10-21-1989.

Offender Diez's parole was revoked on 2-28-1990. Offender Diez was charged with out of custody for time spent on supervision, 1-year, 2-months, and 24-days. (Section 508.283, Texas Government Code, regarding street time credit, applies only to revocations on or after 9-1-2001). Offender Diez received jail credit from 2-28-1990 to date of next release on 11-2-1990.

Offender Diez was released from TDCJ custody to parole on 11-2-1990. *1989*

*p/21/89 was confined in Amarillo @ BW Clements Unit. totally wrong*

_Charley Valdez_
CHARLEY VALDEZ
Program Supervisor III
Classification and Records
Texas Department of Criminal Justice
Correctional Institutions Division


SUBSCRIBED AND SWORN TO before me, the said Notary Public on this the 10th day of December, 2014, to certify which witness my hand and seal of office.



DONNA M. BELL
Notary Public, State of Texas
My Commission Expires
AUGUST 7, 2016

Notary without Bond

Notary Public In and For
The State of Texas

### TDCJ - OIMS

**NAME** : DIEZ , JAMES LOGAN

**LOCATION** : EL PASO CENTER SOUTH
**CASE OWNER** : LUZ QUINONES

**STATUS** : Normal Report

**SID** : 01968225

**TDCJ** : 00342162   **TYPE** : Super-Intensive supervision

Fact sheet

Public Information

Help

CLOSE

## Public Information Display

### Demographics

| | | | |
|---|---|---|---|
| Age | 58 | Hair color | Brown |
| Date of birth | 06/15/1956 | Eye color | Blue |
| State/County of birth | TX/TOM GREEN | Height | 6' 04" |
| Race | WHITE | Weight | 205 |
| NCIC Race | WHITE | | |
| Gender | MALE | Shoe size | 11.0 |

**Aliases (3)** JAMES C DIEZ , JAMES DIEZ , JAMES LOGAN DIAZ

### TDCJ-ID commitment summary

| | | | |
|---|---|---|---|
| Projected release date | 02/27/2014 | Parole eligibility date | |
| Max expiration date | 05/07/2016 | Sentence begin date | 05/13/1982 |
| Latest received date | | | |

### Offense of record

| | | | |
|---|---|---|---|
| Offense | BURG HABIT | NCIC/Penal code | 22090000 / 030020 |
| County of conviction | TOM GREEN | Cause number | 12,797-B |
| Court of conviction | 119 | Sentence type | Concurrent |
| Sentence length | 30yr(s) 0mo(s) 0day(s) | Count | 00 |
| Sentenced date | 07/21/1982 | Cease to operate date | |
| Flat only | Yes | Deadly weapon | No |

### Other offenses

| | | | |
|---|---|---|---|
| Offense | ARSON | NCIC/Penal code | 20110000 / 028200 |
| County of conviction | TOM GREEN | Cause number | CR89-0681-A |
| Court of conviction | 051 | Sentence type | Concurrent |
| Sentence length | 5yr(s) 0mo(s) 0day(s) | Count | |
| Sentenced date | 02/07/1990 | Cease to operate date | |
| Flat only | No | Deadly weapon | No |

Any Out of State and/or other commitments for this offender can be viewed on the Commitments screen.

### Restitution

| | | | |
|---|---|---|---|
| Restitution | Yes | Amount of restitution | TBD |

### Institutional

| | | | |
|---|---|---|---|
| Offender type | IS | Discretionary mandatory supervision case | No |
| Initial received | 06/22/1993 | SB45 case | No |
| From county | EL PASO | | |

### Release information

| | | | |
|---|---|---|---|
| Release date | 11/27/2013 | Departure type | Mandatory |
| Release county | EL PASO | Current residence | 1650 HORIZON BLVD, NORTH |
| | | | EL PASO , TX |